**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAKHRAMON IBODULLOEV**, | : | |
| Petitioner, | : | |
| | : | No. 26-cv-2886-JMY |
| vs. | : | |
| | : | |
| **JOHN RIFE**, *Acting Field Office Director of* | : | |
| *Enforcement and Removal Operations,* | : | |
| *Philadelphia Field Office, Immigration and* | : | |
| *Customs Enforcement, et al.,* | : | |
| Respondents. | : | |

**<u>ORDER</u>**

**AND NOW**, this 5th day of May 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition to Petitioner for Writ of Habeas Corpus (ECF No. 4), it is hereby **ORDERED** that the Petition is **GRANTED** as follows.

1.     Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.     The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on May 8, 2026**;

3.     If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4.     If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the

Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed.  Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner; and

5.    The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

BY THE COURT:

   */s/ John Milton Younge*
**Judge John Milton Younge**

---

[1] Petitioner, Kakhramon Ibodulloev, is a national of Uzbekistan who has been in immigration detention since April 30, 2026.  (Petition for Writ of Habeas Corpus ¶ 17, ECF No. 1.)  On April 27, 2023, Petitioner applied for admission at the San Ysidro, California port of entry and expressed his desire to file for asylum.  (*Id.* ¶ 2.)  Customs and Border Protection (CBP) interviewed Petitioner to review his potential asylum claim and determine whether he presented a security risk or a risk of absconding.  (*Id.*)  On that same day, April 27, 2023, Petitioner was granted permission to lawfully enter the United States on a temporary basis and was given humanitarian parole under 8 U.S.C. § 1182(d)(5) while he pursued his application for asylum.  (*Id.* ¶ 3.)  Additionally, as a condition of his parole he was required to check-in with Immigration and Customs Enforcement (ICE) at regular intervals.  Petitioner was also issued a Notice to Appear (NTA) in immigration court.  (*Id.*)  Petitioner, thereafter, retained counsel and submitted a timely asylum application with the immigration court.  (*Id.* ¶ 4.)  He obtained employment authorization and a social security card.  (*Id.*)

On April 30, 2026, Petitioner was detained by ICE at his routine ICE check-in.  (*Id.* ¶ 5.)  Petitioner is in the physical custody of Respondents at the Philadelphia Federal Detention Center.  (*Id.* ¶ 1.)  He now faces detention because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have revoked his parole.  (*Id.*)  When ICE took Petitioner into custody, ICE was, in essence, revoking his parole and choosing to detain him under § 1225(b).  (*Id.* ¶ 5.)  Petitioner alleges that prior to being detained, he had lived in the United States for over three years as a law-abiding and productive member of society.  (*Id.* ¶¶ 4, 6.)

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been present in the country for a number of years. The Government candidly acknowledges that the substantial weight of district court authority rejects its argument to the

contrary. (Response in Opposition pages 3, 6 (referencing the more than 250 decisions in this district that have rejected the Government's position).)

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue. *See e.g.*, *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243, * 4 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). The Petition is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus making his detention without the opportunity for a bail hearing unlawful. The out-of-circuit appeals decisions adopting the Government' position are unpersuasive to this Court. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).